IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

MARSHALL DIVISION

| | | |
|---|---|---|
| O2 MICRO INTERNATIONAL LIMITED | § | |
| Vs. | § | CIVIL ACTION NO. 2:04-CV-359 |
| MONOLITHIC POWER SYSTEMS, INC, ET AL. | § | |

**MEMORANDUM OPINION AND ORDER**

For the reasons expressed in this order, the court grants Monolithic Power Systems, Inc.'s motion to transfer venue (#16). The court transfers venue of this case to the Northern District of California. The court denies as moot the motions to dismiss for lack of personal jurisdiction filed by Advanced Semiconductor Manufacturing Corp., Asustek Computer, Inc., and Michael Hsing (## 28, 46, 118, 119, and 142).

1.  **Factual Background and Procedural Posture.**

On October 24, 2001, O2 Micro International Limited ("O2 Micro") sued Monolithic Power Systems, Inc. ("MPS") in the Northern District of California. In that case, O2 Micro claimed that MPS infringed O2 Micro's '615 patent. Judge Wilken, the presiding judge, granted summary judgment that MPS does not infringe the claims of the '615 patent.

In January 2003, O2 Micro sued one of MPS's customers, Taiwan Sumida, in this court. Also in January 2003, MPS filed its own suit against Taiwan Sumida in this court. That case was settled in 2004. In addition, MPS agreed to indemnify Taiwan Sumida with respect to the claims asserted by O2 Micro in this court. With respect to O2 Micro's case against Taiwan Sumida, O2

originally asserted claims of the '615 and the '722 patent. The '722 patent is related to the '615 patent. This court held that Judge Wilken's summary judgment awarded to MPS had collateral estoppel effect on the claims of the '615 patent. Thus, the court granted Taiwan Sumida's motion for summary judgment on the asserted claims of the '615 patent. Ultimately, this court tried the '722 patent claims in November 2005, and O2 Micro secured a favorable verdict.

On May 20, 2004, during the pendency of the case involving O2 Micro and Taiwan Sumida, MPS filed a declaratory judgment suit in the Northern District of California seeking a judgment that it did not infringe O2 Micro's '722 patent. O2 Micro counterclaimed against MPS and asserted in that case that MPS infringed certain claims of the '722 patent. Then, on October 12, 2004, O2 Micro filed the present case in this district, asserting infringement by MPS of O2 Micro's '129 patent. The '129 patent is a continuation of the '615 and the '722 patents.

On December 13, 2004, Judge Wilken denied O2 Micro's motion to transfer the California suit concerning the '722 patent to this court. She stated that "[i]f either party has engaged in forum shopping, it is O2 Micro, which chose to sue in Texas at a time when it had two lawsuits against MPS pending in this District." O2 Micro recently moved for a reconsideration of that order, citing this court's familiarity with the O2 Micro patents.

In the present case, MPS has pending a motion to transfer this case to California under 28 U.S.C. § 1404(a). In addition to arguing the convenience of the parties and the witnesses, MPS urges that the Northern District of California handled the related cases involving O2 Micro and MPS. MPS recently filed a renewed motion to transfer venue, pointing to various decisions from this district applying the first-filed rule. *See* MPS's Renewed Motion to Transfer Venue, filed March 17, 2006.

**2.      Discussion.**

Although MPS's motion to transfer venue is based primarily on 28 U.S.C. § 1404(a), it also implicates first-filed principles. This court generally respects the plaintiff's choice of forum absent a showing that the private and public interest factors relevant to the transfer analysis tip in favor of a transfer. *See Time, Inc. v. Manning*, 366 F.2d 690 (5th Cir. 1966). In this case, however, it is undisputed that the first court to preside over the dispute between O2 Micro and MPS was the court for the Northern District of California. Even though litigation concerning the '615 patent may effectively be at an end, it is not disputed that MPS's suit involving the '722 patent is still pending in the Northern District of California. It is also not disputed that Judge Wilken denied O2 Micro's request to transfer that case to this court. As a result, the interests of justice support a transfer of this case to the Northern District of California. *DataTreasury Corp. v. First Data Corp.*, 243 F. Supp. 2d 591, 594 (N.D. Tex. 2003)("Transfer is particularly appropriate where related cases involving the same issues are pending in another court.").

O2 Micro asserts that the first suit involving the '722 patent was filed in this court, pointing to its lawsuit against Taiwan Sumida. O2 Micro also points to several other cases it has filed in this district involving various patents asserted against various parties. *See* O2 Micro's Response, at 3. O2 Micro also asserts that during claim construction of the '615 patent, this court showed deference to Judge Wilken and adopted her constructions whenever possible. (See O2 Micro's Response, at 9). As a result, O2 Micro urges there is little risk of inconsistent adjudications. The fact remains, however, that the first-filed suit involving the '722 patent and MPS and O2 Micro was filed in the Northern District of California. This case, which involves a patent related to the '722, should be transferred to the Northern District of California in the interests of justice.

The court has considered O2 Micro's arguments concerning its choice of forum and the locations of the parties and the witnesses. O2 Micro also points to the ease with which documents might be transferred into the Eastern District of Texas. Those arguments are not without force in the typical § 1404(a) analysis. But there is more at issue in this case. The Northern District of California was the court first vested with jurisdiction over the dispute between these parties concerning these related patents. That court should therefore determine where this dispute should ultimately be resolved. That additional parties and claims are involved in this suit does not change this result. It is well-settled that complete identity of parties and claims is not required when evaluating a case under first-filed principles. *Save Power Ltd. v. Syntek Fin. Corp.*, 121 F.3d 947, 950 (5th Cir. 1997).

3.  **Conclusion.**

For the above reasons, the court grants the motion to transfer venue (#16). The court denies as moot the motions to dismiss for lack of personal jurisdiction filed by Advanced Semiconductor Manufacturing Corp., Asustek Computer, Inc., and Michael Hsing (## 28, 46, 118, 119, and 142). Those defendants have joined in MPS's renewed motion to transfer, which states that a venue transfer would avoid the questions of personal jurisdiction raised by these parties.

SIGNED this 28th day of March, 2006.

_____
T. JOHN WARD
UNITED STATES DISTRICT JUDGE